W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

Routh Holt WHITE, doing business as United Telephone Answering Service, Secretarial Service and Lettershop, Defendant.

Civ. A. No. 6214.

United States District Court
N. D. Oklahoma.
Dec. 30, 1965.

Charles Donahue, Sol., M. J. Parmenter, Richard Collier, Attys., U. S. Dept. of Labor, Dallas, Tex., for plaintiff.

Harvey A. Rotman, Tulsa, Okl., for defendant.

## ORDER

BOHANON, District Judge.

On the 20th day of December 1965 this matter came duly on for hearing in this Court, sitting in Tulsa, Oklahoma, on plaintiff's Objections to Interrogatories. Plaintiff was represented at this hearing by one of his attorneys of record, Richard L. Collier, but the defendant's attorney was not present at the hearing, although this was a scheduled motion date and the defendant's attorney had been given notice of the setting.

Interrogatories Nos. 3, 4, 5, and 6 and in Subparagraph (d) of Interrogatory No. 2, of the Interrogatories which the defendant has filed and propounded to the plaintiff, asked that the plaintiff reveal the names of any of the employees of defendant who have complained about their employer and to furnish the defendant with a copy of any report in the Government files with regard to such a complaint, that the plaintiff furnish the defendant with any written report in the Government files concerning an investigation of this defendant, that the plaintiff furnish the defendant with any written statement in its possession given to the Government representatives by em-

ployees of defendant, and that the plaintiff furnish to the defendant any statement given to the Government representative by any of the enumerated companies. The plaintiff has duly objected to each of these interrogatories because they inquire into matters which are privileged and confidential.

▬▬▬▬ It is well recognized that the names and identities of persons who may have given the Government information with regard to time and payroll practices by their employer, or any other person, are privileged and confidential and should not be revealed, under the "Informers Privilege." It is further recognized that the information contained in Government files, including witnesses' statements and reports of investigators, is information which is privileged and confidential and the Government should not be required to reveal same upon the motion of a defendant. Furthermore, the information which the defendant has requested in her interrogatories, including the identity of informers and confidential information contained in statements and investigation reports is not relevant to any issue before the Court because the issues are whether the employees are subject to the Fair Labor Standards Act of 1938, whether they were paid in accordance with the terms and provisions, and whether there is a necessity for enjoining this defendant from future violations of said Act. Therefore, the identity of informants or information furnished by individual employees or other persons to the Government, or information by a Department of Labor investigator to his superior are not issues in the case and the Court should not require the plaintiff to answer such interrogatories.

In view of these considerations and since the defendant's attorney was not personally present on the appointed motion date, the Court makes and enters the following order:

It is hereby ordered that the plaintiff's objections to the Interrogatories numbered 3, 4, 5 and 6, and Subparagraph (d) of Interrogatory No. 2 are in all respects sustained.